```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TESHA L. WINDLEY-EDWARDS,

                    Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; SUSAN BARNES; ANDREA
TUCCI,

                    Defendants.
-------------------------------------------------------------- X

24-CV-2875 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on April 14, 2024, Tesha L. Windley-Edwards ("Plaintiff"), proceeding *pro se*, filed a complaint against the New York City Department of Education ("DOE"), Susan Barnes, and Andrea Tucci (collectively, "Defendants"), *see* Compl., Dkt. 1;

      WHEREAS on May 29, 2024, Judge Laura T. Swain *sua sponte* ordered Plaintiff to amend her Complaint after finding the facts alleged did not "give rise to a plausible claim of employment discrimination under any of the federal antidiscrimination statutes," Order, Dkt. 4, at 4, 6;

      WHEREAS on July 9, 2024, Plaintiff amended her Complaint, asserting claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y. EXEC. LAW § 296 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code, § 8-107 *et seq.* ("NYCHRL"), Am. Compl., Dkt. 5, at 3–4;

1

WHEREAS on July 17, 2024, after this case was reassigned to the Undersigned, it was referred to Magistrate Judge Gary Stein for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Order, Dkt. 8;

WHEREAS on December 9, 2024, Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure, Def. Mot., Dkt. 19;

WHEREAS on July 15, 2025, Judge Stein entered an R&R, recommending that the Court grant Defendants' motion to dismiss and give Plaintiff leave to amend her complaint, R&R, Dkt. 26;

WHEREAS in the R&R, Judge Stein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 33;

WHEREAS Defendants did not object to the R&R's findings, and Plaintiff lodged an objection stating that she "formally object[s] to any recommendation that would prevent [her] from pursuing legal action against the" DOE, Objection, Dkt. 27;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1);

WHEREAS to warrant de novo review, objections must be "specific" and "address only those portions of the proposed findings to which the party objects," *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted);

WHEREAS absent clear guidance from the Second Circuit on what makes an objection proper, courts in this District have concluded "that a party fails to properly object if she 'makes

only conclusory or general objections, or simply reiterates [her] original arguments,'" *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (unpublished) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007));

WHEREAS although submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted to raise the strongest arguments they suggest, *see Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *Goldstein v. Hulihan*, No. 09-CV-6824 (CS) (PED), 2011 WL 4954038, at *1 (S.D.N.Y. Oct. 18, 2011), even a *pro se* litigant's objections to a magistrate judge's report and recommendation "must be specific and clearly aimed at particular findings in the magistrate's proposal," *Goldstein*, 2011 WL 4954038, at *1 (citation omitted);

WHEREAS because Plaintiff's objections are "general," the Court "reviews the [R&R] for clear error," *Pineda*, 831 F. Supp. 2d at 671;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.[1]

---

[1] The R&R states that "[e]mployment discrimination claims brought under § 1981, Title VII, NYSHRL, and NYCHRL are all generally subject to the same pleading standards." R&R at 12 (quoting *Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 424 (S.D.N.Y. 2022)). Although NYCHRL claims may also be subject to the same *McDonnell Douglas* burden-shifting framework as their federal and state counterparts, *Parker v. Israel Disc. Bank of New York, Inc.*, No. 24-688-CV, 2025 WL 1779219, at *3 (2d Cir. June 27, 2025) (unpublished), courts "'must analyze NYCHRL claims separately and independently from any federal and state law claims' and 'constru[e] the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible,'" *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 103 (S.D.N.Y. 2024) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). Even so, a plaintiff's NYCHRL "claims must be more than conclusory or speculative to survive a motion to dismiss." *Id.* (citation omitted). Because Plaintiff fails to allege that she was "treated less well . . . under circumstances giving rise to an inference of discrimination," *id.* at 104 (quoting *Okeke v. Interfaith Med. Ctr.*, 224 A.D.3d 763, 765 (2d Dep't 2024)), the Court finds no clear error with the recommendation that her NYCHRL claims be dismissed.

IT IS HEREBY ORDERED that the R&R is adopted. For the reasons stated in the R&R, Defendants' motion to dismiss is GRANTED. The Court, however, clarifies the scope of Plaintiff's leave to file a Second Amended Complaint.

The following claims are dismissed with prejudice because amendment "would be futile." *Stegemann v. United States*, 132 F.4th 206, 210 (2d Cir. 2025) (citation omitted):

- ❖ Plaintiff's Title VII claims against Barnes and Tucci are dismissed with prejudice because "individuals are not subject to liability under Title VII," R&R at 21 (quoting *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004));

- ❖ Plaintiff's Title VII claims against DOE premised on acts of discrimination that occurred before August 15, 2020, are time-barred and likewise dismissed with prejudice, *see id.* at 20–21;

- ❖ Plaintiff's Section 1981 claims against DOE are dismissed with prejudice because Section 1981 "does not contain a cause of action against state actors; these claims must be brought through [42 U.S.C.] § 1983," *id.* at 22 (quoting *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 509 (E.D.N.Y. 2019));

- ❖ Plaintiff's Section 1981 claims against Barnes and Tucci premised on acts of discrimination that occurred before April 14, 2020, are time-barred and dismissed with prejudice, *see id.* at 21–22; and

- ❖ Plaintiff's NYSHRL and NYCHRL claims against all Defendants premised on acts of discrimination that occurred before March 2, 2018, are dismissed with prejudice because the election of remedies doctrine bars her claims, *see id.* at 25–26.

If Plaintiff files a Second Amended Complaint, she is no longer permitted to assert the above-referenced claims.

Plaintiff is granted leave to file a Second Amended Complaint to address the deficiencies identified in the R&R only as to the following claims, which are dismissed without prejudice:

- Plaintiff's Title VII claims against DOE premised on acts of discrimination that occurred on or after August 15, 2020;

- Plaintiff's Section 1981 claims against Barnes and Tucci premised on acts of discrimination that occurred on or after April 14, 2020;

- Plaintiff's NYSHRL and NYCHRL claims premised on acts of discrimination that occurred on or after March 2, 2018, addressing both the deficiencies identified, *id.* at 12–19, and alleging facts from which the Court can plausibly infer that she complied with the notice of claim requirements for her claims against DOE, *id.* at 26–30; and

- In light of the conversion of Plaintiff's Section 1981 claim against DOE to a Section 1983 claim, Plaintiff may, if she wishes, attempt to "allege the existence of a municipal policy, custom, or practice that caused the claimed civil rights violation'" pursuant to Section 1983, *id.* at 22 (quoting *Vora v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 10891 (PGG) (SDA), 2024 WL 1421131, at *5 (S.D.N.Y. Jan. 24, 2024)).

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Second Amended Complaint, she must do so by **Tuesday, September 30, 2025**. If Plaintiff fails to file a Second Amended Complaint by that deadline, the Court will dismiss all of her claims with prejudice.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 19.

**SO ORDERED.**

Date: August 27, 2025
New York, New York

VALERIE CAPRONI
United States District Judge

5